UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONEL MARQUETTI,

    Petitioner,

v.                                                      Case No. 8:24-cv-1497-WFJ-SPF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Leonel Marquetti is a Florida prisoner serving a life sentence for first-degree murder, a five-year sentence for aggravated assault with a deadly weapon, and a five-year sentence for false imprisonment. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 7). Although afforded the opportunity, Mr. Marquetti has not responded to the motion. After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.[1]

---

[1] The Court granted Mr. Marquetti four extensions of time to respond to the motion to dismiss. (Docs. 13, 15, 17, 20). Instead of submitting a response, Mr. Marquetti moved for leave to file an amended petition. (Doc. 21 at 19-20). That motion is denied. As explained below, the initial petition is time barred. Thus, "any amendment to the petition would be futile because it would [also] be subject to dismissal as untimely." *Casey v. Gordy*, No. 20-14159-E, 2021 WL 1853655, at *2 (11th Cir. May 6, 2021); *see also Dennis v. Dixon*, No. 4:21-cv-231-WS-HTC, 2022 WL 659189, at *6 (N.D. Fla. Jan. 6, 2022) ("Because the petition is untimely, any claims contained in the amended petition would also be untimely. Thus, the amended petition is futile."), *adopted by* 2022 WL 657545 (N.D. Fla. Mar. 4, 2022).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). The limitation period is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. *Id.* § 2244(d)(2).

Under AEDPA, the limitation period typically starts from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Mr. Marquetti's petition is untimely under this triggering date. His convictions were affirmed on direct appeal on May 11, 2012. (Doc. 7-2, Ex. 4). The judgment became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—August 10, 2012.

After 277 days of untolled time, on May 14, 2013, Mr. Marquetti filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 7-2, Ex. 6). That filing stopped the clock. *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). The postconviction court entered a final order denying relief on February 28, 2017. (Doc. 7-2, Ex. 15). Mr. Marquetti did not file a timely notice of appeal.[2] Thus, the clock

---

[2] Mr. Marquetti subsequently filed a petition for belated appeal, which was dismissed as untimely. (Doc. 7-2, Exs. 16, 17). "A petition for belated appeal that is denied does not toll the AEDPA period during its pendency." *Carsten v. Dixon*, No. 5:22-cv-50-TKW-HTC, 2022 WL 17095397, at *2 (N.D. Fla. Oct. 24, 2022), *adopted by* 2022 WL 17095916 (N.D. Fla. Nov. 21, 2022).

resumed on March 30, 2017—30 days after entry of the final order. *See Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) ("[Petitioner] did not appeal the denial of his Rule 3.850 motion at that time. Thus, his AEDPA clock began to run again on June 16, 2005 (30 days after the May 17, 2005 order)."). That left Mr. Marquetti 88 days—or until June 26, 2017—to file his federal habeas petition. He missed the deadline by almost seven years, filing his petition on June 14, 2024. (Doc. 1 at 22).

Mr. Marquetti does not dispute these calculations. He contends, however, that he is entitled to a later start date of the limitation period because he seeks to raise a claim based on newly discovered evidence. (*Id.* at 20; *see also* Doc. 21 at 17). The sole claim in the petition is that Mr. Marquetti's public defender labored under an undisclosed "conflict of interest" because he had worked as a police officer and prosecutor before joining the Public Defender's Office. (Doc. 1 at 5-12; *see also* Doc. 6). Mr. Marquetti alleges that he first became aware of his attorney's "work history" in December 2021. (Doc. 6 at 1). Thus, he appears to contend that the limitation period began to run on that date rather than August 10, 2012, the day after his convictions became final. (*Id.*; *see also* Doc. 1 at 20-21).

The Court will assume, in Mr. Marquetti's favor, that he is entitled to a later start date of December 31, 2021. Even with that generous assumption, his petition is still untimely. Where, as here, a petitioner "alleges newly discovered evidence . . . the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013) (quoting 28 U.S.C. § 2244(d)(1)(D)). With the later start date, 73 days of untolled time passed before Mr. Marquetti filed a successive

- 3 -

Rule 3.850 motion on March 14, 2022. (Doc. 7-2, Ex. 18). That filing stopped the clock.[3] *Day*, 391 F.3d at 1192-93. The Rule 3.850 motion was denied, and Mr. Marquetti sought rehearing. (Doc. 7-2, Exs. 19, 20). The postconviction court denied rehearing on June 23, 2022. (*Id.*, Ex. 21). Mr. Marquetti did not file a timely notice of appeal, so the clock resumed on July 25, 2022—30 days after the denial of rehearing. *See Hollinger*, 334 F. App'x 302, 304 ("[Petitioner] did not appeal the denial of his Rule 3.850 motion at that time. Thus, his AEDPA clock began to run again on June 16, 2005 (30 days after the May 17, 2005 order).").

The clock ran for another 112 days until Mr. Marquetti filed a petition for belated appeal on November 14, 2022. (Doc. 7-2, Ex. 22). That petition was granted. (*Id.*, Ex. 23). Thus, the clock stopped between November 14, 2022—the date Mr. Marquetti sought a belated appeal—and July 20, 2023—the date the mandate issued in the belated appeal. (*Id.*, Ex. 25; *see also Trejo-Lozano v. Sec'y, Dep't of Corr.*, No. 8:18-cv-2206-WFJ-JSS, 2021 WL 2895744, at *4 n.2 (M.D. Fla. July 9, 2021) (because petition for belated appeal was "granted," "AEDPA's limitations period was tolled while the petition for belated appeal and the belated appeal were pending.")).[4] The limitation period resumed the next day—July 21, 2023. Mr. Marquetti then had 180 days—or until January 17, 2024—to file his

---

[3] The court assumes, in Mr. Marquetti's favor, that his successive Rule 3.850 motion was properly filed and thus had tolling effect.

[4] *See also Castillo v. Dixon*, No. 20-60797-CIV, 2022 WL 2651623, at *4 (S.D. Fla. July 8, 2022) ("[T]he limitations period began to run on August 29, 2018, when [petitioner's] 30-day window to appeal the trial court's July 30, 2018 denial of his Postconviction Motion expired. . . . [T]he limitations period continued to run unabated until [petitioner] filed his Petition for Belated Appeal on June 3, 2019.").

federal habeas petition. He missed the deadline by several months, filing his petition on June 14, 2024. (Doc. 1 at 22).

Therefore, under either start date for the limitation period—the day after his convictions became final or the date he allegedly discovered his public defender's "work history"—Mr. Marquetti's petition is untimely. Mr. Marquetti does not argue that equitable tolling applies, nor does he establish that he is actually innocent.[5] As a result, his petition must be dismissed as time barred.

Accordingly, it is **ORDERED** that:

1. Mr. Marquetti's petition (Doc. 1) is **DISMISSED as time barred**.

2. Mr. Marquetti's motion for leave to amend his petition (Doc. 21 at 19-20) is **DENIED**.

3. The **CLERK** is directed to enter judgment against Mr. Marquetti and to **CLOSE** this case.

4. Mr. Marquetti is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Marquetti must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the

---

[5] Mr. Marquetti states that he "declared his actual innocence . . . when he pled not guilty to the charges" in his case. (Doc. 21 at 10). But he does not establish that, in light of "new reliable evidence," no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Thus, he is not entitled to the actual-innocence exception.

petition is time barred, Mr. Marquetti cannot satisfy the second prong of the *Slack* test. And because Mr. Marquetti is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on August 18, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE